117 F.3d 1424
 1997-2 Trade Cases P 71,919
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DIGITAL DISTRIBUTION, INC., d/b/a Compact Disc Warehouse,
Plaintiff-Appellant,
v.
CEMA DISTRIBUTION; Sony Music Entertainment, Inc., Warner
Elektra Atlantic Corporation; Uni Distribution Corporation;
Bertelsmann Music Group, Inc.; Polygram Group
Distribution, Inc., Defendants-Appellees.
 No. 96-55264.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 2, 1997.
July 3, 1997.
 
 Appeal from the United States District Court for the Central District of California J. Spencer Letts, District Judge, Presiding
 Before: BROWNING, FLETCHER, and KOZINSKI, Circuit Judges
 MEMORANDUM*
 The district court erred in dismissing the complaint under Federal Rule of Civil Procedure 12(b)(6). Digital gave the defendants fair notice of its claims and their supporting grounds by identifying the participants, purpose, and motive of the alleged price-fixing conspiracy. See Bodine Produce, Inc. v. United Farm Workers Org. Comm., 494 F.2d 541, 561 (9th Cir.1974) (general allegations sufficiently broad to embrace activities prohibited by Sherman Act satisfy Federal Rule of Civil Procedure 8(a)(2) requirement of short and plain statement of claim); see also Fuentes v. South Hills Cardiology, 946 F.2d 196, 202 (3d Cir.1991) (to survive motion to dismiss, plaintiff must identify conspiracy's participants, purpose, and motive). The specificity of the complaint is exemplified by the allegation that at an industry trade meeting, the defendants jointly pressured owners of music store chains not to participate in the used CD market. Digital also alleged more general circumstances supporting an inference of pricefixing: an oligopolistic market structure; similar pricing and discount schemes; and parallel pricing behavior, including raising prices while production costs were falling. None of these circumstances, taken singly, would establish price-fixing, but on a motion to dismiss, all allegations of material fact are assumed to be true and are construed in the light most favorable to the plaintiff. In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir.1996). Viewed in this light and as a whole, Digital's allegations satisfy the relaxed pleading requirement of Fed.R.Civ.P. 8(a)(2).
 Digital's pleading burden is not governed by Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729 (9th Cir.1987). Digital was not required to allege harm to competition specifically; horizontal price-fixing is per se harmful to competition. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 225-26 n. 59 (1940).
 We decline to direct reassignment of the case to a different judge. Some of the court's comments were troubling, but we are confident the court will set aside previously expressed views and decide the case impartially.
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3